UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN BLURTON,<br>    Plaintiff,<br><br>v.<br><br>HILLSBORO POLICE DEPARTMENT,<br>    Defendant. | )<br>)<br>)<br>)     Case No. 25-3135<br>)<br>)<br>) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Taylorville Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff names the Hillsboro Police Department as the sole Defendant. He alleges the Police Department confiscated his personal property, including a computer, keyboard, mouse, and two personal cell phones, on July 15, 2024. He alleges a court issued an order requiring the Police

Department to return his property on January 13, 2025. To date, the Police Department has not released his property.

## ANALYSIS

Whether the Hillsboro Police Department is "liab[le] under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997)). Municipal police departments in Illinois do not have the capacity to be sued. *Wilkins v. City of Chicago*, 736 F. Supp. 3d 616, 622 (N.D. Ill. 2024) (citing *Courtney v. City of Chicago*, 439 F. App'x 557, 558 n. 1 (7th Cir. 2011) ("[A] police department is not a suable entity in Illinois.")). The Hillsboro Police Department is DISMISSED.

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim." *Cason v. Hare*, No. 19-CV-00885-JPG, 2019 WL 6054823, at *2 (S.D. Ill. Nov. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). "[T]he Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020) (quoting *Cason*, 2019 WL 6054823, at *2) (internal citations omitted).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds that any

amendment would be futile because the facts do not support a constitutional violation. This case is dismissed without prejudice to allow Plaintiff to pursue any available relief in state court.

**IT IS THEREFORE ORDERED:**

**1)     Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot allege a cognizable constitutional claim on these facts. The Clerk is DIRECTED to close this case and enter judgment.**

**2)     Plaintiff's Motion to Request Counsel [3] is DENIED.**

**3)     This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.**

**4)     Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk, as directed in the Court's prior Order. (See d/e 5/20/2025).**

**5)     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:  May 30, 2025

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge